

**U.S. Department of Justice**

*Brian D. Miller*
*United States Attorney*
*Middle District of Pennsylvania*

*Website:* www.justice.gov/usao/pam/
*Email:* usapam.contact@usdoj.gov

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*235 N. Washington Avenue, Suite 311*<br>*P.O. Box 309*<br>*Scranton, PA  18503-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2037/348-2830*<br>*TTY (570) 341-2077* | Sylvia H. Rambo United States<br>Courthouse<br>1501 N. 6th Street<br>*Box 202*<br>*Harrisburg, PA  17102*<br>*(717) 221-4482*<br>*FAX (717) 221-4493/221-2246*<br>*TTY (717) 221-4452* | *Herman T. Schneebeli Federal Building*<br>*240 West Third Street, Suite 316*<br>*Williamsport, PA  17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916*<br>*TTY (570) 326-9843* |

March 17, 2026

Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

     Re:   *United States v. Evers*, No. 24-1280

Dear Ms. Dodszuweit,

     I write in response to Evers's letter regarding *Newmann's Pharmacy, LLC v. Drug Enforcement Admin.*, 167 F.4th 320 (5th Cir. 2026).

     As Evers suggests, the only potentially relevant aspect of *Newmann's Pharmacy* to this appeal is its holding that the filling of a prescription by a pharmacist that falls below the locality's professional standard of care does not, in itself, equate to conduct outside the "usual course of professional practice," as that term is used in 21 C.F.R. § 1306. Of course, this holding is arguably relevant to the instant appeal because the phrase "usual course of professional practice" is also one half—but not all—of the actus reus element that the Government must prove in prescriber prosecutions under the CSA.

     But as the Government has consistently maintained, and as the plain text of the applicable jury instructions make clear, the Evers jury was not charged that prescribing "outside the usual course of

professional practice and not for a legitimate medical purpose" was the same as prescribing that fell below—in any way or to any degree—the Pennsylvania professional standard of care.

That is simply not what the single, complained-of sentence in the jury charge expressly states, or even fairly conveys.

The jury was charged: "The question of whether a physician acted outside the usual course of his professional practice and not for a legitimate medical purpose *is defined, by reference, to the standard of medical practice generally recognized and accepted in . . .Pennsylvania.* Appx2518.

Indicating that one thing is defined by reference to a second thing is not equating the two things. This sentence simply directed the jurors to refer to generally accepted standards when considering if Evers prescribed "outside the usual course . . ."

In the very next sentence of the charge, the jurors were told that they "may" consider these standards. Appx2518-2519. "May" not "must"—and once again certainly not equating the two things.

In view of the plain text of the instructions, the relevance of the Fifth Circuit's recent holding in *Newmann's Pharmacy* to the decision before this Court is quite limited.

Respectfully submitted,

BRIAN D. MILLER
United States Attorney

/s/ Jeffery St John
Jeffery St John
Assistant US Attorney

## <u>CERTIFICATION</u>

This letter complies with Federal Rule of Appellate Procedure

28(j) because its body contains 350 words.


<u>/s/ Jeffery St John</u>
Jeffery St John
Assistant US Attorney

## **CERTIFICATE OF SERVICE**

I certify that on March 17, 2026, I served the foregoing document

by electronic service on the following individual:

Lisa A. Mathewson, Esq.
lam@mathewson-law.com

/s/ Jeffery St John
Jeffery St John
Assistant US Attorney